UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL BELLRENG,

                Petitioner,

                                          **DECISION AND ORDER**
                                                  10-CV-579A
               v.                                            02-CR-73A

UNITED STATES OF AMERICA,

                Respondent.

## I.    INTRODUCTION

Pending before the Court is a motion by petitioner Paul Bellreng to vacate his sentence pursuant to 28 U.S.C. § 2255. Though petitioner asserts six different arguments in favor of habeas relief, all of his arguments have in common the assertions that he is actually innocent and that his guilty plea is invalid due to a medication-induced psychosis and to pressure from his trial counsel. Respondent challenges petitioner's motion on the grounds that the United States Court of Appeals for the Second Circuit already accepted appellate counsel's *Anders* brief, dismissed petitioner's direct appeal, and granted summary affirmance of the conviction. For the reasons below, the Court denies petitioner's motion.

## II. BACKGROUND

This case concerned allegations that petitioner and a number of his union co-workers conspired to engage in and did engage in acts of physical and verbal intimidation against non-union contractors in Niagara Falls, New York. On June 25, 2003, respondent filed a second superseding indictment charging petitioner with racketeering conspiracy in violation of 18 U.S.C. § 1962(d); extortion in violation of 18 U.S.C. §§ 2 and 1951(a); and eligibility for RICO forfeiture pursuant to 18 U.S.C. § 1963(a)(1–3). The trial for petitioner and several co-defendants began on July 18, 2006, but on August 1, 2006, petitioner decided to end his trial and to take a guilty plea. Petitioner agreed to plead guilty to Count One of the second superseding indictment, the count concerning racketeering conspiracy.

The plea agreement that petitioner entered contained several provisions relevant to the pending motion. In paragraph 12 of the plea agreement, petitioner and respondent agreed that petitioner's total offense level would be 24. In paragraph 13, petitioner and respondent agreed that petitioner's criminal history category would be I. In paragraph 22 of the plea agreement, petitioner waived any right to appeal or to attack collaterally any component of a sentence less than or within the advisory sentencing range. In paragraph 36, petitioner freely, voluntarily, knowingly, and intelligently waived any right to appeal or collaterally attack any matter in connection with his case, including the forfeiture of assets as

2

set forth elsewhere in the plea agreement. During the plea proceedings on August 1, 2006, petitioner confirmed in open court that he understood the nature of the offense to which he was pleading guilty and the elements of that offense. Petitioner indicated that he did not disagree with any of respondent's representations of the factual basis for the plea. Petitioner confirmed that he would not be able to appeal or to attack collaterally any sentence within the advisory range of 51 to 63 months. Petitioner confirmed that he was not pressured or threatened to enter the plea. Petitioner also confirmed the that he was alert, focused, attentive, and fully aware of what was occurring and what the implications of his plea would be, regardless of any prescription medications that he may have been taking at that time.

The Court sentenced petitioner on November 22, 2006. At sentencing, the Court confirmed the offense level and criminal history category that the parties had calculated in the plea agreement. The Court sentenced petitioner to a term of imprisonment of 56 months, which fell within the advisory sentencing range contemplated in the plea agreement. Although the Court briefly raised a concern with trial counsel regarding assertions of innocence in some letters written in petitioner's behalf, trial counsel stood by the plea agreement on its own terms. At no time during sentencing did petitioner question his trial counsel or raise any issues about his guilty plea.

Despite provisions in the plea agreement waiving appeals and collateral attacks, petitioner filed a notice of appeal with the Second Circuit on December 4, 2006. The Second Circuit appointed counsel to help petitioner with his appeal. On February 11, 2009, appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). In the *Anders* brief, appellate counsel indicated to the Second Circuit that petitioner had no non-frivolous legal issues to present on appeal. Specifically, appellate counsel indicated that petitioner's plea was knowing and voluntary, that all of the waiver provisions in the plea agreement apply, and that any appeal despite those provisions would be frivolous. The Second Circuit agreed with appellate counsel, granting respondent's motion to dismiss the appeal and granting summary affirmance of petitioner's conviction on September 1, 2009.

Despite the Second Circuit's dismissal of the direct appeal, petitioner filed the pending motion on July 14, 2010. Petitioner raises six arguments in support of his motion. First, petitioner contends that his plea was not knowing and voluntary because his co-defendants and his trial counsel worked in tandem to pressure him into taking the plea, and because he was in a medication-induced state of psychosis when he took the plea. Second, petitioner asserts that his plea is unconstitutional because he is actually innocent of the charges filed against him. Third, petitioner asserts that trial counsel provided ineffective assistance by pressuring him into taking the plea, failing to develop a full record of the

4

medications that put petitioner into a psychotic state, and generally failing to pursue related pre-trial, trial, and post-trial strategies. Fourth, petitioner asserts that respondent failed to make sure that there was an adequate record regarding the medications that induced psychosis when he took his plea. Fifth, petitioner contends that appellate counsel provided ineffective assistance by filing an *Anders* brief instead of using his direct appeal to raise the issues that he now raises here. Sixth, petitioner asserts that trial counsel provided ineffective assistance by failing to challenge an error in the presentence investigation report, that error being a failure to mention that petitioner was actually innocent of the charges filed against him.

Respondent opposes petitioner's arguments in their entirety. Among other assertions, respondent notes that all of petitioner's arguments stem from his assertion that his plea was involuntary. Respondent points to the plea agreement itself and to the proceedings concerning petitioner's plea to show that petitioner understood at all times what was happening and what the implications of the guilty plea would be.

### III.   DISCUSSION

#### A.   Pro Se *Pleadings Generally*

"As an initial matter, the Court is mindful that Plaintiff[] [is] proceeding *pro se*, and that [his] submissions should thus be held to less stringent standards than formal pleadings drafted by lawyers. Moreover, when plaintiffs bring a case

*pro se*, the Court must construe their pleadings liberally and should interpret them to raise the strongest arguments that they suggest. Still, *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Rotblut v. Ben Hur Moving & Storage, Inc.*, 585 F. Supp. 2d 557, 559 (S.D.N.Y. 2008) (internal quotation marks and citations omitted). The Court will assess the pending motion in this context.

### B. *Collateral Attack After Waiver and Direct Appeal*

"In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." *U.S. v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993). Additionally, "[i]t is well settled law that § 2255 cannot . . . be employed to relitigate questions which were raised and considered on the appeal." *Castellana v. U.S.*, 378 F.2d 231, 233 (2d Cir. 1967) (citations omitted). Here, petitioner already filed a direct appeal with the Second Circuit to raise the issues that he now raises here. Even the contentions about ineffective assistance of counsel, which technically are new, rest on whether petitioner took his guilty plea knowingly and voluntarily. During the direct appeal, appellate counsel represented to the Second Circuit that petitioner's guilty plea was knowing and voluntary in all respects, and that a direct appeal would be frivolous.

6

While the Court has no indication in this docket as to whether petitioner corresponded directly with the Second Circuit to challenge the assertions of appellate counsel, there is no evidence suggesting that he was prevented from doing so. More importantly, the Second Circuit would have rejected appellate counsel's *Anders* brief if it had any reason to think that any of petitioner's issues had merit. Had it rejected the *Anders* brief, the Second Circuit almost certainly would have specified which issues could proceed on direct appeal. The Second Circuit chose instead to agree with appellate counsel that petitioner entered a knowing and voluntary plea agreement and that any post-conviction proceedings would be frivolous. If petitioner disagrees with the Second Circuit's decision then he may raise that contention with that court as he sees fit. Under the circumstances, however, this Court cannot allow the same issues to move forward through the pending motion, or else the motion would turn into an attempt to avoid the outcome of the direct appeal. The Court thus rejects petitioner's arguments as barred by both the plea agreement and by the dismissal of his direct appeal.

## IV. CONCLUSION

For all of the foregoing reasons, the Court hereby denies petitioner's motion in its entirety.

In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not

debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

Additionally, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. U.S.*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 19, 2011